## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHARON ROTH, individually and on behalf of all others similarly situated, | : : : | Case No. 5:21-cv-1801 |
| Plaintiff, | : : | |
| v. | : : | CLASS ACTION |
| VITAMINERALS/VM ORTHOPEDICS, LTD., | : : : | JURY TRIAL DEMANDED |
| Defendant. | : : | |

## CLASS ACTION COMPLAINT

Plaintiff Sharon Roth brings this class action against Defendant Vitaminerals/VM Orthopedics, Ltd. ("Vitaminerals" or "Defendant") and alleges as follows upon personal knowledge as to herself and her own acts and experiences and as to all other matters upon information and belief, including investigation conducted by her counsel.

## NATURE OF THE ACTION

1.      This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from Vitaminerals' fax advertisements without recipients' consent.

2.      Vitaminerals sent facsimiles offering its goods, in the instance of the Plaintiff's contact a series of vitamins that it sells.

3.      Through this action, Plaintiff, who runs a medical practice and received Defendant's fax advertisement, seeks injunctive relief to halt Defendant's illegal conduct which has resulted in Plaintiff's and the Class's loss of time, invasion of privacy, loss of use of their fax machines, and other costs associated with receiving faxes. Plaintiff also seeks statutory damages of between $500 and $1,500 per violation on behalf of herself and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under 28 U.S.C. § 1331, as Plaintiff alleges violations of a

federal statute for which there is federal question jurisdiction.

5.      Venue is proper in pursuant to 28 U.S.C. § 1391(b) because Defendant's tortious

conduct against Plaintiff was directed from this district.

## PARTIES

6.      Plaintiff Sharon Roth is a Tennessee resident.

7.      Defendant is a domestic company with its principal place of business at 311 West

Streetsboro Road, Hudson, Ohio 44236.

## THE TCPA

8.      In 1991, Congress enacted the TCPA in response to a growing number of complaints

regarding certain telemarketing practices.

9.      The TCPA forbids sending unsolicited advertisements for goods or services via

facsimile ("Junk Faxes") without the recipients' prior express invitation or permission and to

recipients with whom the sender does not have an established business relationship. 47 U.S.C. §

227(b)(1)(C).

10.      The TCPA requires that even those fax advertisements being sent to those with

whom the advertiser has an established business relationship include an opt-out notice ("Opt-Out

Notice"). *Id.* § 227(b)(2)(D).

11.      In order to comply with the TCPA's Opt-Out Notice requirements, each fax

advertisement must include all of the following:

> a.   clear and conspicuous language on the first page stating that recipients may
> request that the sender not send any unsolicited advertisements and informing
> recipients that failure to comply with such a request within the shortest
> reasonable time, as determined by the FCC, is unlawful;

> b.   a toll free phone number that the recipient may use to submit a request to
> cease transmitting fax advertisements to the recipient; and

2

      c. a facsimile number that a recipient may use to submit a request to cease transmitting fax advertisements to the recipient.

47 U.S.C. § 227(b)(1)(C); 47 C.F.R. § 64.1200(a)(4)(iii)-(v).

     12.     The TCPA provides a private right of action to recipients of Junk Faxes. 47 U.S.C. § 227(b)(3).

## FACTS

     13.     Defendant is a seller of dietary supplements, including vitamins.

     14.     Defendant's business model includes marketing those products through facsimile advertisements.

     15.     Recipients of Defendant's Junk Faxes have never consented to receive them and have no preexisting business relationship with Defendant.

     16.     Plaintiff is, and at all relevant times has been, a "person" as defined by 47 U.S.C. § 153(39).

     17.     On July 13, 2021 the Plaintiff received the below fax on her fax machine, (234) 320-XXXX:

7/13/2021 12:43 AM    From VM Vitaminerals    Fax Number: 2343203871    Page 1 of 1    RECEIVED  07/13/2021  12:13AM

## 2BG+B Complex

**High Potency B Complex and Multi-Vitamin**

2BG+ is a comprehensive multiple vitamin with essential nutrients to help restore balance resulting from functional damage to the nervous system.

### Supplement Facts



| Ingredient | Amount | % DV |
|---|---|---|
| Vitamin A (acetate, carotene) | 4,000 IU | 80% |
| Vitamin C (ascorbic acid, ascorbates) | 120 mg | 200% |
| Calcium (citrate, ascorbate, phosphate, carbonate) | 500 mg | 50% |
| Vitamin D3 (cholecalciferol) | 1,000 IU | 250% |
| Vitamin E (natural tocopherols) | 2.4 IU | 8% |
| Thiamin (mononitrate) | 100 mg | 6666% |
| Riboflavin | 12 mg | 705% |
| Niacin (niacinamide) | 60 mg | 300% |
| Vitamin B6 (pyridoxine Hcl) | 10 mg | 500% |
| Folic Acid | 400 mcg | 100% |
| Vitamin B12 | 80 mg | 1333% |
| Iodine (kelp) | 100 mcg | 67% |
| Biotin | 200 mcg | 67% |
| Pantothenic acid (ca. pantothenate) | 10 mg | 100% |
| Phosphorus (ca phosphate) | 120 mg | 12% |
| Magnesium (ascorbate, oxide) | 100 mg | 25% |
| Zinc (ascorbate) | 15 mg | 100% |
| Copper (ascorbate) | 1 mg | 50% |
| Choline citrate | 17 mg | * |
| Zinc | 15 mg | 100% |

### CALL TODAY TO ORDER!

# Bud Boote's VM Medical/Vitaminerals

We carry 23,000 Healthcare Items

PO Box 905 • Hudson, Ohio 44236

Phone: 1-800-666-8966 • Fax: 1-800-237-3748

18.     The fax constitutes an "unsolicited advertisement" because it advertises the

Defendant's goods for sale.

19.     The content of the fax is otherwise generic.

20.     The fax is sent by the Defendant as indicated by the Defendant's contact information

being present on the fax.

21.     The fax does not contain an Opt-Out Notice.

22.     Plaintiff has never been a customer of the Defendant.

23.     Plaintiff is the owner of the fax machine at which Defendant's unsolicited fax

advertisement was received.

24.     Defendant's fax advertisement caused Plaintiff actual harm, including the monetary

costs associated with receiving faxes, invasion of privacy, aggravation, and annoyance.

25.     Defendant's fax advertisement also inconvenienced Plaintiff and wasted her time.

## CLASS ALLEGATIONS

26.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or

(b)(3) on behalf of herself and all others similarly situated.

27.     Plaintiff brings this case on behalf of a Class defined as follows:

> All persons and entities to whom: (a) Vitaminerals and/or a third
> party acting on Defendant's behalf sent one or more faxes (b) for
> the purposes of obtaining contact information in order to send
> marketing materials to them (c) at any time in the period that
> begins four years before the date of filing this complaint and ends
> at the date of trial.

28.     Exclusions: Excluded from the Class are Vitaminerals, any entity in which

Vitaminerals has a controlling interest or that has a controlling interest in Vitaminerals,

Defendant's legal representatives, assignees, and successors, the judges to whom this case is

assigned, and the immediate family members of all of the foregoing.

29.     Numerosity.  The Class is so numerous that joinder of all members is impracticable. On information and belief, judging from the generic nature of the fax, the Class has more than 100 members. It will be more efficient for the Court and the parties to resolve these alleged violations of the TCPA in one fell swoop than in hundreds or thousands of individual trials.

30.     Commonality.  There are many questions of law and fact that have the same answer for all class members and the answers to which will be determinative of the outcome of the litigation. That is no surprise, given the generic nature and content of the fax. The common questions include:

    a.  Who sent the faxes?

    b.  Did Vitaminerals send the faxes in order to make sales?

    c.  Did the faxes contain a compliant Opt-Out Notice?

    d.  Did Vitaminerals have a practice of obtaining consent before sending facsimile advertisements?

    e.  Did the faxes violate the TCPA?

    f.  Were Defendant's violations knowing or willful?

    g.  Should Vitaminerals be enjoined from sending unsolicited facsimile advertisements?

31.     Typicality.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and the claims of the Class arise from identical or similar boilerplate faxes and are based on the same provisions of the TCPA.

32.     Adequacy.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and her counsel are aligned with those of the proposed Class.

33.     Predominance.  Vitaminerals has engaged in a telephonically routinized course of conduct toward Plaintiff and members of the Class. The common issues arising from this

6

repetitive conduct that affect Plaintiff and members of the Class predominate over any individual issues.

34.    Superiority.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Vitaminerals is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

35.    Injunctive and Declaratory Relief is Appropriate.  Vitaminerals has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis.

## COUNT I

## Violation of the TCPA, 47 U.S.C. § 227(b)(1)(C)

36.    Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37.    It is a violation of the TCPA to use a fax machine, computer, or other device to send an unsolicited advertisement to a fax machine.

38.    Vitaminerals used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the Class, or others did so on its behalf.

39.    These faxes were sent without regard to whether Vitaminerals had first obtained express invitation or permission from the recipients to send such faxes. In fact, Vitaminerals did

7

not have prior express invitation or permission from Plaintiff or other members of the putative Class when its faxes were transmitted.

40.     Vitaminerals has, therefore, violated § 227(b)(1)(C) of the TCPA. In fact, Vitaminerals knew or should have known that its conduct as alleged herein violated the TCPA, because Vitaminerals knew that it did not have prior express invitation or permission to send fax advertisements to Plaintiff and the Class.

41.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation. Plaintiff and the Class are also entitled to an injunction against future fax advertisements.

**WHEREFORE**, Plaintiff, on behalf of herself and the other members of the Class, prays for the following relief:

a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.  A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c.  An injunction prohibiting Vitaminerals from transmitting fax advertisements without the prior express invitation or permission of the recipient;

d.  An award of statutory damages or trebled statutory damages; and

e.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  September 21, 2021                    Respectfully submitted,

                                            **/s/ Brian K. Murphy**
                                            Brian K. Murphy (0070654)
                                            Murray Murphy Moul + Basil LLP
                                            1114 Dublin Road
                                            Columbus, OH  43215
                                            (614) 488-0400
                                            (614) 488-0401 facsimile
                                            murphy@mmmb.com

                                            Anthony I. Paronich (*pro hac vice* to be filed)
                                            Paronich Law, P.C.
                                            350 Lincoln Street, Suite 2400
                                            Hingham, MA 02043
                                            (508) 221-1510
                                            anthony@paronichlaw.com

                                            *Counsel for Plaintiff and the Class*